UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERNST & YOUNG LTD. BERMUDA and ERNST & YOUNG LLP, Petitioners, | : : : : | CIVIL ACTION NO. 09-cv-1164 (JCH) |
| v. | : : | |
| SUSAN M. QUINN, et al., Respondents | : : | JANUARY 12, 2010 |

**RULING RE: LIMITED MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION TO THE SECOND CIRCUIT OR THE SUPREME COURT OF CONNECTICUT (Doc. No. 34)**

**I.    INTRODUCTION**

On July 23, 2009 and July 24, 2009, Ernst & Young Ltd. Bermuda ("Ernst & Young Bermuda") and Ernst & Young LLP ("Ernst & Young US") (collectively, "Ernst & Young") each brought a Petition to Compel Arbitration and For a Stay pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), implemented at 9 U.S.C. §§ 201-208.  See Mot. to Compel Arbitration (Doc. Nos. 1, 5).  Ernst & Young asserted that the claims brought against it in Connecticut Superior Court by respondents Susan Quinn, Peter Pressman, and the David B. Sternberg Inc. Employee Pension Trust are governed by arbitration agreements between Ernst & Young Bermuda and the Stewardship Credit Arbitrage Fund, LLC ("SCAF" or "the Fund"), a fund in which the respondents are investors.  Id. On October 26, 2009, this court granted the Motion to Compel Arbitration.  See October 26, 2009 Ruling ("Ruling") (Doc. No. 30).

The respondents now move this court to reconsider its October 26 Ruling, or, in the alternative, to certify questions of law to the Court of Appeals for the Second Circuit

or the Connecticut Supreme Court.  <u>See</u> Mot. for Reconsideration (Doc. No. 34).  For the reasons that follow, respondents' motion is denied.

## II.  DISCUSSION

Respondents seek three forms of relief in their Motion for Reconsideration.  First, they request that this court reconsider the portion of its October 26, 2009 Ruling which held that respondents' claims for common law fraud, negligent misrepresentation, aiding and abetting common law fraud, and violations of the Connecticut Uniform Securities Act are derivative, and thus governed by the arbitration agreements between SCAF and Ernst & Young Bermuda.  <u>See</u> Mot. for Reconsideration at 7-25.  Second, respondents request that this court certify the issue of whether those claims are direct or derivative to the Second Circuit.  <u>See</u> <u>id.</u> at 25-28.  Finally, respondents move this court to certify the question of whether respondents' state-court claims are direct or derivative to the Supreme Court of Connecticut.  <u>See</u> <u>id.</u> at 28-30.  As discussed below, the court concludes that the respondents are not entitled to any of their requested relief.

### A.  Motion for Reconsideration

#### 1.  Standard of Review

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered

evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

      2.      Discussion

Respondents argue that reconsideration is appropriate in this case because, under both Connecticut and Delaware law, "false representations have repeatedly been recognized as causing direct harm to investors and, thus, as giving rise to claims that may be asserted individually." Mot. for Reconsideration at 9. In its Ruling, however, this court addressed respondents' contentions that their fraudulent inducement claims were direct. See Ruling at * 6 (assessing respondents' claims, and respondents' fraudulent inducement claims in particular, under Connecticut law as established in May v. Coffey, 291 Conn. 106 (2009), and concluding that those claims are derivative because they are not predicated on a separate and distinct harm to the plaintiffs); see also Ruling at *8 (assessing respondents claims, and respondents' fraudulent inducement claims in particular, under Delaware law as established by Tooley v. Donaldson, Lufkin & Jenrette, 845 A.2d 1031, (Del. 2004), and concluding that the critical issues -- (1) who suffered the alleged harm, and (2) who would receive the benefit of any recovery -- indicate that respondents' claims are derivative).

Respondents also argue that the court overlooked the decision of Yanow v. Teal

Indus., Inc., 178 Conn. 262, 281 (1979).  See Mot. for Reconsideration at 8.  However, the court not only considered Yanow, but also cited the case in its Ruling.  See Ruling at 12.  In short, respondents have not identified any facts or law that the court overlooked in its initial Ruling, any intervening changes in the law, or any other basis upon which the court may grant reconsideration. Accordingly, the court denies respondents' Motion for Reconsideration.

      B.      Motion for Certification to Second Circuit Court of Appeals

           1.      Standard of Review

A district court's order certifying an interlocutory appeal under section 1292(b) must state that it is "of the opinion" that the order satisfies three requirements: (1) it "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"Even where the three criteria are met, the court retains discretion to deny permission for interlocutory appeal. . . . " Kuzinski v. Schering Corp., No. 3:07-c-v233 (JBA), 2009 U.S. Dist. LEXIS 33021 at *4 (D. Conn. 2009) (brackets and internal quotations omitted).  Indeed, the Second Circuit has cautioned that "'the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law.'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (brackets in original, citation omitted).  "[U]se of this procedure should be strictly limited because 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" Flor v. BOT Fin. Corp., 79 F.3d

281, 284 (2d Cir. 1996) (quoting Klinghoffer) (citations omitted).  "The use of § 1292(b) is reserved for those cases where an immediate appeal may avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir.1996) (citations omitted).  Moreover, "interlocutory appeals are disfavored, and, because the procedure 'was not intended as a vehicle to provide early review of difficult rulings in hard cases,' a party seeking to appeal must demonstrate 'exceptional circumstances' justifying it." Kuzinski, 2009 U.S. Dist. LEXIS 33021 at *4 (quoting Williston v. Eggleston, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006)).

  2. Discussion

In light of the Second Circuit's cautioning against interlocutory appeals, the court denies respondents' Motion for Certification to the Second Circuit, because it does not view this as one of those "rare" or "exceptional" circumstances that justifies an interlocutory appeal.  First, this court does not find a contrary decision by a circuit court to present "exceptional circumstances" justifying an interlocutory appeal.  Flor, 79 F.3d at 284.  Furthermore, the court concludes that, to the extent that such an interlocutory appeal would yield dual proceedings in both arbitration and state court, such an interlocutory appeal would not "avoid protracted litigation" in this case.  Koehler, 101 F.3d at 866.

  C. Certification to the Supreme Court of Connecticut

Under Connecticut law, the Supreme Court "may answer a question of law certified to it by a court of the United States. . . if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state."  CONN. GEN. STAT. § 51-

199b(d).

The Supreme Court of Connecticut has clearly established the standard for determining if a claim is derivative or direct. In May, the Supreme Court held: "It is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding secondarily, deriving his rights from the corporation which is alleged to have been wronged." May, 291 Conn. at 114. Conversely, May provides that a party may only bring a direct action against a corporation if he "sustains a loss separate and distinct from that of the corporation, or from that of other shareholders, and thus has the right to seek redress in a personal capacity for a wrong done to him individually." Id.

In light of the clear holding provided by the Supreme Court of Connecticut in May, the issue of whether respondents' claims are derivative or direct is not one for which "there is no controlling appellate decision, constitutional provision or statute of this state." CONN. GEN. STAT. § 51-199b(d). Therefore, respondents' request for certification to the Supreme Court of Connecticut is denied.

## III. CONCLUSION

For the foregoing reasons, respondents' Motion for Limited Reconsideration of the Court's October 26, 2009 Ruling or, in the Alternative, for Certification to the Second Circuit or the Supreme Court of Connecticut (Doc. No. 34) is **DENIED**.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut, this 12th day of January 2010.

                                              /s/ Janet C. Hall
                                       Janet C. Hall
                                       United States District Judge